## HEALEY *v.* INWOOD.

---

PATENTS; INTERFERENCES; CONCURRENT DECISIONS OF THE PATENT OFFICE;
OPERATIVENESS OF DEVICE.

1. Concurrent decisions of the Patent Office tribunals on questions of fact in interferences are entitled to very great weight, and will not be disturbed except for manifest error, especially in cases involving complicated construction, about which the experts of the Patent Office are less liable to err than this court.    (Following *Lindmark* v. *Hodgkinson,* 31 App. D. C. 612.)

2. Where the question on an appeal in an interference case was whether the drawings and specifications of the application of the appellees showed an operative machine, as they failed to show certain guiding devices similar to those disclosed by the appellant, and all of the tribunals of the Patent Office concurred than an operative machine was shown,—the decision of the Commissioner of Patents was *affirmed,* on the ground that it could not be said that it was the result of manifest error.

No. 614.    Patent Appeals.    Submitted November 13, 1911.    Decided January 2, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. C. D. Davis* and *Mr. Arthur F. Durand* for the appellants.

*Messrs. Dyrenforth, Lee, Crittenden & Wiles* and *Mr. Francis M. Phelps* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal [by William P. Healey, Assignee of Norman E. Brown] from the decision of the Commissioner of Patents in an interference case.

The interference was declared between two applications of Richard Inwood & Perry C. Lavenberg, and one of Norman E. Brown, for a patent for a machine for making wire-bound box blanks. The wooden-box blanks are reinforced by parallel strands of wire which are stapled thereto. The machines of the respective parties are substantially the same, save in this respect: Brown's machine has guides for supporting and holding the work holder in position for movement in a straight line, with a pair of toothed feeding wheels engaging racks on the under side of the work holder, while the machine of Inwood & Lavenberg has no guides, but the work holder is advanced by a long grooved roller engaging racks on the under side of the same. The issue consists of twenty-two counts. During the progress of the case, Inwood & Lavenberg sought to amend by adding to their claims certain claims in Brown's application, which include as an element the guideways for supporting the work holder in position for movement in a straight line. The leave to amend was denied by the several tribunals of the office. In deciding that application, the Examiners in Chief used this language, which is now relied on by the appellant in the argument of the question involved in this appeal: "It is urged that this language [means for holding said members to straight lines of travel, as used in certain of the proposed amended claims] is broad enough to read upon the grooved feed roller for feeding the work support. There are several reasons why this is an impossible construction of the language of the claims in question. In the first place, clearly the grooved feed roller permits lateral motion of the work supports,

so that they might, so far as this roller is concerned, travel forward in a curved or zig-zag path. But where this objection not present, the claims in question clearly call for additional guiding elements, and such are shown in the Brown application, from which the claims are taken. It would obviously be improper to give the claims an interpretation in which they would not be predicable upon the structure disclosed in the application from which they were taken." These additional claims being excluded, the case proceeded upon the issue containing counts not including these guides of Brown. It is unnecessary to set out the entire issue. The last two counts embraced in the motion to dissolve read as follows:

"21. A portable carriage, forming an adjunct applicable to a blank stitching machine, and comprising in combination cleat supporting members and spacers operating to space the cleats endwise from each other.

"22. A portable carriage, forming an adjunct applicable to a blank stitching machine, and comprising in combination cleat supporting bars and spacing blocks for the cleats on the said bars."

Inwood & Lavenberg were the senior parties, and the burden of proving priority was upon Brown. He took no testimony, and upon the record Inwood & Lavenberg were entitled to the award of priority that was made to them, provided they were entitled to make the claims at all.

Brown moved to dissolve, claiming that Inwood & Lavenberg had no right to make the claims. First, because counts 21 and 22 were not patentable; and, "second, that the machine shown and described in the said Inwood & Lavenberg application is not operative; that this machine will not properly carry the blank material through the machine, and is incapable of making wire-bound box blanks in the manner described in said application; that the combination former and box blank machine disclosed in the Inwood and Lavenberg application will not properly insert the staples in the box blank, and will not properly apply the binding wires to said blank; and that the

said machine is absolutely inoperative for any purpose whatever."

It is this second ground that is involved in the appeal.

The Primary Examiner, to whom the question was referred in the first instance, held that the machine was operative. In his decision, he refers to and discusses certain affidavits presented by the assignee of Brown on the question of operativeness. The Examiner of Interferences adopted this decision, and awarded priority to Inwood & Lavenberg.

The Examiners in Chief, in affirming this decision, held that it was apparent that the blank carrying carriage would be operative without the guides which Brown declared essential. On appeal to the Commissioner this decision was affirmed.

The appellant took no evidence in support of his motion on the question of operativeness, as suggested to him in the decision of the Primary Examiner, and we do not find in the record the ex parte affidavits referred to by him. The operativeness of the machine was first decided by the expert Primary Examiner when the application was allowed. Since then, upon the motion presenting the direct question, he has come to the same conclusion; and this conclusion has been affirmed in turn by the three tribunals of the office acting judicially.

The concurrent decision of the office tribunals on questions of fact arising in interference cases are entitled to very great weight, and will not be disturbed, except for manifest error, and, as was said in *Lindmark* v. *Hodgkinson,* 31 App. D. C. 612–614: "Especially is this true in a case like the present, which involves complicated construction, about which the experts of the Patent Office are less liable to err than ourselves." The weight of these concurring decisions is not impaired by the language used by the Examiners in Chief in passing upon Inwood & Lavenberg's motion to amend, which is quoted above. The question of operativeness was not then before them.

We cannot say, from an inspection of the drawings and specifications of the Inwood & Lavenberg application, which is all that is before us, that there was manifest error in holding that

their machine was operative without guiding devices similar to Brown's.

It follows that the decision must be affirmed. It is so ordered and that this decision be certified to the Commissioner of Patents.                                                      *Affirmed.*